FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 16 2007

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TPI HOLDINGS, INC., and TRADER PUBLISHING COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>WINFIELD DYCO HOLDINGS LTD,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) NO. 1:06-CV-1600-JTC<br>)<br>)<br>) |

## PROTECTIVE ORDER

Pursuant to stipulation of the parties and in accord with the provisions of Rule 26(e) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED THAT:

1. The content of any document or thing produced by any party or third party, any interrogatory answer made by any party, any photograph, note, sketch or other recordation taken of a party's facility, equipment or method of operation, any deposition testimony taken and any exhibit marked by any party in this action, any information learned as a result of an inspection under Rule 34, Fed. R. Civ. P., and any other information, document or thing received from a party or third party in the

1

US2000 9875041.1

course of this litigation (hereinafter collectively identified as "Information"), except information of any origin which is publicly available, is subject to this Protective Order.

  2. Any party to this action who reasonably believes that any such Information is non-public, confidential, proprietary, or commercially sensitive within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure shall have the right through its counsel to designate such Information "CONFIDENTIAL" in accordance with Paragraphs 3 or 5 below. Such designated Information shall thereafter be subject to the terms of this Protective Order, and use or disclosure of Information so designated shall be restricted as set forth herein.

  3. To designate Information as "Confidential" pursuant to this Protective Order, the party disclosing the Information shall place upon the document, thing, paper, or other tangible embodiments of the Information, a legend substantially as follows:

    CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER

Except as otherwise set forth herein, non-tangible Information must be expressly designated as "Confidential" pursuant to this Protective Order at the time of its

disclosure or such status must be confirmed in writing by the disclosing party within a reasonable time after the disclosure.

4. The Information designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" as discussed in paragraph 3 above, and all tangible embodiments thereof, all copies thereof, the substance thereof, and all information contained therein ("Confidential Material"):

> (a) shall not be disclosed or distributed by counsel or any other person receiving, viewing or hearing the Confidential Material ("receiving person") to any person other than to (1) counsel (including their secretaries, paralegals, and other regular employees) for either party, (2) parties or partners, directors, officers, and regular employees of a party to the extent such disclosure is necessary for the trial or preparation for trial of the captioned action; (3) expert witnesses or consultants hired by counsel for either party (including their assistants), who are assisting counsel in preparation of this action for trial, and (4) the Court and its employees;
>
> (b) shall not be used by any person for any other lawsuit or for any purpose other than the preparation for and trial of this case;

(c) shall be filed with the Court, should filing be desired or required, in a sealed wrapper, accompanied by a motion to place the document containing such Information under seal. Upon approval by the Court, the document shall be placed under seal and shall not be disclosed by the Clerk or any other person except upon further order of this Court. On the sealed envelope or container shall be affixed the caption of this action, and a statement substantially in the following form:

> CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER -- This envelope contains documents which have been filed in this case by _____ (name of party) and are not to be opened nor the contents thereof to be displayed or revealed except by the Court or upon order of the Court;

(d) shall not be disclosed to any person within the categories of paragraphs 4(a)(2) and 4(a)(3), unless the provisions of paragraph 7 of this Protective Order are agreed to and followed.

5. Any party to this action who reasonably believes that any such Information includes competitively sensitive marketing information, including plans and expenses, trade secrets, financial data, including revenues and internal financial projections or budgets, or strategic business plans under active

4

consideration shall have the right through its counsel to designate such Information "ATTORNEYS ONLY."

To designate Information as for attorneys' review only pursuant to this Protective Order, the party disclosing the Information shall place upon the document, thing, paper, or other tangible embodiments of the Information, a legend substantially as follows:

CONFIDENTIAL: ATTORNEYS ONLY

Except as otherwise set forth herein, non-tangible Information must be expressly designated as for attorneys' review only pursuant to this paragraph at the time of its disclosure or such status shall be confirmed in writing by the disclosing party within a reasonable time after the disclosure.

A party designating Information for attorneys' review only shall do so only upon a good faith belief that disclosure other than subject to these terms may cause the party to suffer significant competitive disadvantage or commercial damage.

6. The Information designated "CONFIDENTIAL: ATTORNEYS ONLY" as discussed in paragraph 5 above, and all tangible embodiments thereof, all copies thereof, the substance thereof, and all information contained therein ("Attorneys Only Material"):

(a) shall not be disclosed or distributed by counsel or any other person receiving, viewing or hearing the Attorneys Only Material ("receiving person") to any person other than to (1) outside counsel for any party (including their secretaries and paralegals), (2) independent consulting or testifying experts hired by counsel for either party, not affiliated with or employed by either of the parties, who are assisting counsel in preparation of this action for trial (including their assistants), and (3) the Court and its employees;

(b) shall not be used by any person for any other lawsuit or for any purpose other than the preparation for and trial of this case;

(c) shall be filed with the Court, should filing be desired or required, in a sealed wrapper, accompanied by a motion to place the document containing such information under seal. Upon approval by the Court, the document shall be placed under seal and shall not be disclosed by the Clerk or any other person except upon further order of this Court. On the sealed envelope or container shall be affixed the caption of this action, and a statement substantially in the following form:

> CONFIDENTIAL: ATTORNEYS ONLY -- This
> envelope contains documents which have been filed in

this case by _____ [name of party] and are not to be opened nor the contents thereof to be displayed or revealed except by the Court or upon order of the Court;

and

(d)  shall not be disclosed to any person within the category of paragraph 6(a)(2) unless the provisions of paragraph 7 of this Protective Order are agreed to and followed.

7.  Prior to disclosing any Confidential Material or Attorneys Only Material to any person described in paragraphs 4(a)(2), 4(a)(3), or 6(a)(2), counsel for the respective party(ies) shall provide a copy of this Protective Order to that person.  The receiving person shall agree to be bound by the terms of this Protective Order and, for all persons in the categories identified in subparagraphs 4(a)(3) and 6(a)(2) of this order, shall execute a declaration identical to Exhibit "1" attached hereto.  Counsel for the respective party(ies) shall maintain the originals of all such declarations.

8.  An interrogatory answer shall be designated as Confidential Material or Attorneys Only Material at or prior to the time the answer is served on an opposing party by placing the appropriate notation prominently on each answer containing information deemed confidential.  Failure to designate documents or tangible things as Confidential or Attorneys Only at the time of production shall

not constitute a waiver of such claim if the designation is made within a reasonable time thereafter. However, disclosure of Confidential or Attorneys Only Information prior to later designation as described in this paragraph shall not be a violation of this Order.

9. The parties may agree on any method of production of documents. The following procedure is to be followed in any inspections of the parties' original documents and things:

(a) The inspections shall be limited to counsel for the parties, their partners and their employees;

(b) All documents and things produced for inspection will temporarily be treated as if they had been stamped "Confidential: Attorneys Only" pursuant to the Stipulated Protective Order regarding confidential information. For the purposes of these documents and things, it will not be necessary for the producing party to have them stamped confidential at the time of the inspection, and the producing party will not be deemed to have waived any confidential designation by the lack of a confidential legend on the documents and things at the time of inspection; and

8

(c) During the course of the inspection, the inspecting personnel will tag those documents which are to be copied and later provided. Upon obtaining photocopies of the tagged documents, the producing party will then stamp the "Confidential: Subject to Protective Order" or "Confidential: Attorneys Only" legend on those documents that the producing party believes should be so designated. Upon receipt of the photocopied documents, the inspecting personnel will no longer be required to treat as Confidential or Confidential: Attorneys Only those documents and things that do not bear the appropriate legend. However, the inspecting personnel will continue to treat Confidential: Attorneys Only all other documents that were reviewed but were not tagged to be photocopied.

Nothing in this paragraph shall be deemed to require a party to inspect another party's documents prior to requesting a complete copy set of all documents made available for inspection.

10. (a) During any deposition, hearing or trial, Confidential Material may be disclosed to any deponent or witness (i) who is indicated on the face of the document to be its originator, author or recipient of a copy of said document; or (ii) who has been designated under Fed.R.Civ.P. 30(b)(6) by the producing party; or

(iii) other persons entitled hereunder to have access to Confidential Material, including Court Reporters hired by counsel of either party who are not and have never been affiliated with the parties; and to no other persons unless prior authorization is obtained from counsel respecting the producing party or from the court. During any deposition, hearing or trial, Attorneys Only Material may be disclosed to any deponent or witness (i) who is indicated on the face of the document to be its originator, author or recipient of a copy of said document; or (ii) who has been designated under Fed.R.Civ.P. 30(b)(6) by the producing party; or (iii) other persons entitled hereunder to access to Attorneys Only Material; and to no other persons unless prior authorization is obtained from Counsel representing the producing party or from the Court.

(b)     Parties may, on the record during a deposition, hearing or trial or in writing within thirty (30) days after receipt of a deposition, hearing or trial transcript, designate to all parties any pages or lines thereof containing Confidential Material or Attorneys Only Material. Unless testimony is designated as Attorneys Only Material at or before the time of the deposition, all deposition testimony provided by a party or a party's expert witness shall be treated as Confidential Material for a period of 30 days after the taking of the deposition.

Thereafter, the deposition will only be covered by this Protective Order if specifically designated as either Confidential Material or Attorneys Only Material.

11. The termination of proceedings in this action shall not relieve any person to whom confidential information was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order.

12. Upon final termination of this action, each party shall assemble and, as agreed, shall either destroy or return within thirty (30) days all items designated as Confidential Material or Attorneys Only Material. Written verification of destruction shall be given immediately after such destruction, and receipt of material returned to the supplier shall be acknowledged in writing.

13. Any document or testimony transcript designated as Confidential Material or Attorneys Only Material pursuant to this Protective Order will be treated pursuant hereto, unless confidentiality is waived in writing by the party asserting it or a court order is obtained in accordance with Paragraph 16. To aid the Court in considering requests pursuant to Paragraph 16, the parties agree that confidential information shall not include information that:

    (a) was, is, or becomes public knowledge, not in violation of this Protective Order;

    (b) was previously known to the receiving party or was developed independently by the receiving party.

  14. Furnishing of copies of documents to the opposing party shall not constitute a waiver of the attorney/client privilege or work product immunity with respect to any document or physical object so furnished, if within a reasonable period of time after the opposing counsel's receipt of such documents, the producing party designates any such document as within either the attorney/client privilege or work product immunity and requests return of any such documents to the producing party. Upon request by the producing party for return of any such documents designated as within either the attorney/client privilege or work product immunity, the receiving party immediately shall return to the producing party all copies of such documents and shall destroy all notes or summaries made regarding such documents. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney/client privilege or work product immunity designation by filing an appropriate motion with the Court.

  15. Nothing in this Protective Order shall foreclose or limit any party from asserting that any Information designated confidential pursuant to this Protective Order is, in fact, not protectable as such within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure and/or paragraph 14 above. The

failure to designate Information in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.

16. The parties may by written stipulation waive all or any part of their rights under this Protective Order and any party may seek an order of this court modifying this Protective Order. Any party shall also have the right to apply to the Court for an order modifying or vacating the restrictions on disclosure imposed by this Protective Order as applied to any item or items designated pursuant hereto. In the event of a challenge to an assertion of confidentiality, the party asserting confidentiality shall have the burden of proving that the Information is, in fact, confidential.

17. To the extent that any discovery is taken of any person who is not a party to this action ("Third Party"), and in the event such Third Party or any party contends that the discovery sought involves confidential proprietary material, then such Third Party shall be asked to agree to execute and to join in and be bound by this Protective Order and then such Third Party's confidential information shall be protected by this Protective Order.

18. The Court shall retain jurisdiction over the parties for purposes of enforcement of this Protective Order.

Dated: April 16, 2007        SO ORDERED:

_____Jack Camp_____

APPROVED FOR ENTRY:

/s/ Sara Maurer                              /s/ Stephanie A. Hansen
Judith A. Powell, Esq.                       Matthew C. Gaudet, Esq.
Georgia Bar No. 586125                       Georgia Bar No. 287789
Sara Maurer, Esq.                            Stephanie A. Hansen, Esq.
Georgia Bar No. 159056                       Georgia Bar No. 142583
KILPATRICK STOCKTON LLP                      DUANE MORRIS, LLP
Suite 2800                                   Suite 700
1100 Peachtree Street                        1180 West Peachtree Street
Atlanta, Georgia 30309-4530                  Atlanta, Georgia 30309

Counsel for Plaintiffs                       Counsel for Defendant

US2000 9875041.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TPI HOLDINGS, INC., and TRADER PUBLISHING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>WINFIELD DYCO HOLDINGS LTD,<br><br>_____ Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) NO. 1:06-CV-1600-JTC<br>)<br>)<br>) |

<u>DECLARATION OF</u> _____
<u>RE: STIPULATED PROTECTIVE ORDER</u>
<u>WITH RESPECT TO CONFIDENTIAL INFORMATION AND DOCUMENTS</u>

I, _____, declare that:

1. My address is

_____

_____

—

2. My present employer is _____

15

and the address of my present employment is

_____

    3.    I have read and know the contents of the Stipulated Protective Order dated _____, 2007.

    4.    I am one of the persons described in the Protective Order, and I am executing this Declaration and agreeing to be bound by its terms in order to satisfy the conditions provided in the Protective Order prior to the disclosure to me of any confidential information under the Protective Order.

    5.    I have read and I shall be fully bound by the terms of the aforesaid Protective Order.

    6.    All such documents and information which are disclosed to me pursuant to the Protective Order shall be maintained by me in strict confidence and I shall not disclose or use the original or any copy of, or the subject of, such documents and/or information except in accordance with the aforesaid Protective Order.

    7.    I shall not use or refer to any of the aforesaid documents and/or information, or copies thereof, other than in connection with the above-entitled action and as provided in the Protective Order.

8. I shall, upon being notified of the termination of the above-entitled action, return all copies of such documents to counsel from whom I receive such documents, and I shall destroy any notes and/or memoranda I have regarding the aforesaid documents and/or information.

9. I do and shall subject myself to the continuing jurisdiction of the above-captioned Court over my person, wherever I shall be, for the enforcement of the aforesaid Protective Order.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:_____    _____
                                            [SIGNATURE]